# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| IN RE: MERIDIAN MEDICAL SYSTEMS, LLC,<br><br>        DEBTOR<br>─────────────────────────<br>KENNETH CARR,<br><br>        APPELLANT<br><br>v.<br><br>NATHANIEL R. HULL, *Chapter 7 Trustee;* JEFFREY CARR AND ROBERT ALLISON,<br><br>        APPELLEES | CHAPTER 11<br>BK. CASE NO. 15-20640 PGC<br><br>ADVERSARY CASE NO. 15-2028<br>─────────────────────────<br><br><br><br>MISC. NO. 1:17-MC-208-DBH |

## ORDER FOR MOTION FOR LEAVE TO APPEAL ORDER

This court, sitting in an appellate capacity vis-à-vis the bankruptcy court, previously denied leave to appeal the bankruptcy court's interlocutory refusal to remand a related state lawsuit to state court. Dec. and Order of June 10, 2016 (2:16-cv-38-DBH, ECF No. 17). On July 4, 2017, Kenneth Carr renewed the motion for remand in the bankruptcy court. The bankruptcy court denied it once again, referring to both law of the case and the merits of the remand motion. Mem. of Dec. at 8 & n.9 (ECF No. 1-4 at 29 & n.9). Carr now seeks an interlocutory appeal of the second denial. This second motion for leave to appeal is **DENIED**.

"In the interests of both consistency and judicial economy . . . litigants should not ordinarily be allowed to take serial bites at the appellate apple." United States v. Connell, 6 F.3d 27, 30 (1st Cir. 1993). I see no reason here to alter my previous ruling denying interlocutory appeal. Carr has shown no change in the controlling legal authority, no new evidence that was not earlier obtainable,[1] nor any blatant error. Instead, he has come up with a new argument that he could have made, but did not make, originally.[2] Even if the previous ruling is not law of the case in the strict sense,[3] those are sound reasons for denying this second bite at the apple.

The bankruptcy court's decision also does not satisfy the collateral order doctrine for immediate interlocutory review, because the remand refusal is still

---

[1] He is unhappy with delay that has since occurred in the bankruptcy court. Without resolving conflicting versions of responsibility for any delay, I conclude that is not "new evidence" for present purposes.

[2] For the first time, he has made a bankruptcy court subject matter jurisdiction argument. See Mot. at 6, ¶ 20 (ECF No. 1). That argument in turn is based on certain factual determinations, id. at 6, ¶ 20 and 7, ¶ 23, that the bankruptcy court resolved against him. Mem. of Dec. at 13 (ECF No. 1-4 at 34). Subject matter jurisdiction is always a concern, but the resolution of this fact-dependent issue that he failed to raise earlier does not amount to blatant error that requires interlocutory review, and it remains subject to review at the end of the case.

[3] It certainly is not subject to the mandate rule, because my previous denial of leave to appeal did not decide any issue before the bankruptcy court. See Wright & Miller, 18B Fed. Prac. & Proc. Juris. § 4478.5 & n.10 (2d ed.). If the previous denial of interlocutory appeal were law of the case in the strict sense for either the bankruptcy court or this court as to our respective decisions, Carr would have to show "exceptional circumstances—a threshold which, in turn, demands that the proponent accomplish one of three things: show that controlling legal authority has changed dramatically; proffer significant new evidence, not earlier obtainable in the exercise of due diligence; or convince the court that a blatant error in the prior decision will, if uncorrected, result in a serious injustice." Negron-Almeda v. Santiago, 579 F.3d 45, 51-52 (1st Cir. 2009) (quoting United States v. Bell, 988 F.2d 247, 251 (1st Cir. 1993)). As I explain in text, he has failed to do so. In any event, I conclude that the issue here is not law of the case in that strict sense, but more the "presumption against reconsideration," a discretionary matter. See Wright & Miller, 18B Fed. Prac. & Proc. Juris. § 4478.1 (2d ed.). He has not overcome the presumption.

subject to review at the end of the case.  See <u>In re Jackson Brook Inst., Inc.</u>, 227 B.R. 569 (D. Me. 1998).

Accordingly, the motion for leave to appeal is **DENIED**.

**SO ORDERED.**

**DATED THIS 3RD DAY OF OCTOBER, 2017**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**